## HARRIS V. SIMPSON.

1. COUNTER-CLAIM : *Based on false representations: Failure of consideration: Juris-diction of justice.* ]

In an action, which originated in a justice's court, to recover a balance due on the rent of a farm, the defendant filed a counter-claim, based on certain alleged false and fraudulent representations, which induced him to rent the premises, and which were made by the plaintiff as to the number of acres embraced in the farm and the capacity of a mill and gin situated upon and rented with it. He recovered over against the plaintiff the sum of $93.77, the same being the amount of his damages as found by the jury in excess of the balance due the plaintiff. The damages assessed on the counter-claim were equal to the amount paid and claimed on the contract in excess, as the testimony tended to show, of the sum the plaintiff was justly entitled to receive. *Held* : That the fraud practiced upon the defendant was available as a defense to the extent of the plaintiff's demand by a plea of failure of consideration ; that the recovery over against the plaintiff may be regarded as it obtained in an action by the defendant upon the promise which the law implied, that the plaintiff would repay the money he had wrongfully received ; and that the counter-claim was not, therefore, (as contended by appellant.) in effect an action for deceit of which the justice had no jurisdiction. Goodwin v. Robinson, 30 Ark,, 535 ; Hanger v. Evins, 38 Ark., 334.

2. INSTRUCTIONS : *Properly refused.*

[For instructions which it is held were properly refused in this case,as being either incor-rect ennunciations of the law, not warranted by the testimony, or covered by other instructions given by the court, see the statement of the case in which the substance of the court's charge is also given. —REP.]

APPEAL from *Pope* Circuit Court.
G. S. CUNNINGHAM, Judge.

Harris v. Simpson.

## STATEMENT.

The plaintiff and defendant entered into a written contract by which the plaintiff's farm and his steam mill and cotton gin, situated on the farm, were rented to the defendant for the years 1884 and 1885 at $500 per year. At the same time the defendant made and delivered to the plaintiff his two promissory notes for the rents so agreed to be paid—each being for the sum of $500. The note for the rent of 1884 was paid on maturity. The defendant made several payments on the note for the rent of 1885, after its maturity, leaving unpaid a balance, for the recovery of which this suit was brought in a justice's court. The defendant, by his answer, set up that he was induced to enter into the contract and to execute the notes by the representations of the plaintiff, that the farm embraced one hundred and thirty-five acres of land in cultivation; that the mill and gin were in good running order, and that the gin would make four bales of cotton and the mill would grind one hundred bushels of corn per day. The answer further alleged that these representations were false; that the farm, in fact, contained only 100 95-100 acres; that the mill and gin were in bad condition; that the mill would grind only 35 bushels of corn and the gin would make only two bales of cotton per day, and that they could not be run without loss. The answer further alleged that the failure in the quantity of the land was unknown to the defendant at the time he paid the rent for 1884, and that his payment for that year was $126,49 in excess of the amount the plaintiff was entitled to receive; that he owed the plaintiff only $374 for the rent of 1885 and had paid on the same $325, and that plaintiff was thus indebted to him on a settlement in the sum

of $84.56, for which he prayed judgment. A trial before the justice resulted in a judgment for the defendant, from which the plaintiff appealed. On a trial in the circuit court the evidence on the part of the defendant tended to establish the facts alleged in his answer, and the court, after a general instruction to the jury, as to the nature of the action and issue to be tried, and that the burden of proof was upon the defendant, instructed them that unless they found from a preponderance of the testimony, that fraud was practiced upon the defendant by the plaintiff at the inception of the contract under which the note was given, they should find in favor of the plaintiff for the balance shown to be due on the note; that if they found from a preponderance of the testimony that such fraud was practiced, and that the defendant was thereby damaged, they should first find the amount due upon the note and then assess the damages sustained by the defendant, and should by their verdict state how much was due the plaintiff on his note and how much was due the defendant for his damages. These instructions were give against the plaintiff's objection. The court refused the plaintiff's request to instruct the jury in substance as follows: (1.) That "the defendant's set-off was in the nature of recoupment of damages arising on written contract" and he could "only recoup a sum equal to the amount due from him to the plaintiff;" (2.) That the suit was "upon a written contract" * * for the rent of plaintiff's farm for the years 1884 and 1885, for the rent due for the year 1885, and that unless there is some ambiguity in said contract, or there was some fraud, mistake, or duress, practiced by plaintiff in the inception of said contract, no parol contemporaneous statement of plaintiffs "could be admitted to alter or contradict" its terms. The verdict of the jury found the balance due on the note to be $165.78,

Harris v. Simpson.

and assessed the defendant's damages at $259.55 ; and the court rendered a judgment in favor of the defendant for $93.77, the same being the amount of such damages in excess of the balance due on the note. The defendant moved for a new trial, his motion was overruled and he appealed.

*Jeff Davis,* for appellant.

1. Parol evidence was inadmissible to alter or vary a written contract. 1 *Gr. Ev.,* sec. 275; 4 *Ark.,* 154, 179; 5 *Id.,* 543; 16 *Id.,* 519; 20 *Id.,* 293; 21 *Id.,* 69. There was no warranty of the number of acres in the contract and none could be supplied by parol testimony. 38 *Ark.,* 334.

2. Appellee could only recoup damages arising out of the claim sued on, i. e., the rent note for 1885. 1 *Nash. Pl.,* 208–9.

3. Appellee ratified the contract after he had discovered the discrepancy in the quantity of land, etc., by payment of a part of the rent.

4. Representations must be made fraudulently and with intent to deceive, and the party making them must have known them to be false ; and appellee must have relied upon them. See on the subject of misrepresentations, 38 *Ark.,* 334; 46 *Id.,* 337; *Cooley on Torts,* 487.

5. The justice had no jurisdiction to render judgment over against appellant on the counter-claim. It is in effect an action of deceit, and therefore a tort. See 5 *Ark.,* 27; *Mansf. Dig.,* sec. 4026; 40 *Ark.,* 75; 27 *Id.,* 490.

*Wilson & Granger,* for appellee.

1. Deceit and false representations intentionally made regarding material matters, for the purpose of mislead-

ing another to his injury, are proper subjects of counter-claim, and the facts and circumstances may be shown by parol evidence. 34 *Ark.*, 334; 6 *Reporter*, 273; 8 *Ib.*, 510; *Pac. Rep., Apr.* 15th, 1886.

2. Whether the contract of rental was in gross or by the acre, if the deficiency was great, or there was fraud inducing the contract, compensation will be allowed for the deficiency. 6 *N. E. Rep.*, 600; 25 *N. Y.*, 244; 6 *Blackf.*, 108; 30 *Ark.*, 535; 26 *Grat.*, 721.

3. In counter-claim defendant may recover the excess of his claim over that of plaintiff. 32 *Ark.*, 287–292; 27 *Id.*, 491.

4. A justice has jurisdiction of a counter-claim origi-nating in deceit inducing the execution of the contract sued on. *Mansf. Dig., sec.* 4074; 34 *Ark.*, 169; 3 *Otto*, 274. Appellee could waive the tort and sue upon the promise to refund money wrongfully received.

### OPINION.

COCKRILL, C. J. There was no exception to the intro-duction of any testimony, and no part of the court's charge to the jury was assigned as error in the motion for a new trial. The motion is directed only to the court's refusal to charge as requested by the appellant, and that the verdict is not sustained by the evidence.

I. The rejected requests to charge the jury were either inconsistent with a correct enunciation of the law, were not warranted by the testimony, or were covered by the court's charge to the jury.

II. The appellee's version of the transaction out of which the suit grew is sustained by the evidence, and the judgment in his favor is supported by the cases of *Goodwin v. Robinson*, 30 *Ark.*, 535, *and Hanger v. Evins*, 38 *Ib.*, 334.

III. The action originated before a justice of the peace, and it is argued here, for the first time, that the appellee's counter-claim is, in effect, an action of deceit and therefore a tort, and that the justice had no jurisdiction to hear and determine the issue made by it. The position is not tenable.

The defendant could have made the fraud practiced upon him by the appellant available as a defence to the extent of extinguishing the demand against him by a plea of failure of consideration. *Goodwin v. Robinson, Supra.* And as to the recovery over against the appellant, the counter-claim may be regarded as an action, by the appellee, upon the promise, which the law implied, that the appellant would repay the money which he had wrongfully received. *Pomeroy on Remedies, etc., sec. 568.*

Affirm.